UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL REYNOLDS,

    Plaintiff,

v.

VILLAGE OF MATTAWAN,
GARY JACOBS, in his official and
individual capacities, and BRANDON
WEBER, in his official and individual
capacities,

    Defendants.
_____/

Case No. 4:05-CV-60

Hon. Richard Alan Enslen

**ORDER**

    Attorney William F. Piper has moved for leave to withdraw as counsel for Plaintiff Michael Reynolds in this section 1983 action for excessive force. The Motion for Leave is precipitated by differences between attorney and client as to trial strategy, which differences have caused in attorney Piper's judgment a breakdown in the attorney-client relationship. The Motion seeks immediate withdrawal and scheduling accommodations for possible future Plaintiff's counsel.

    This request is reasonable and consistent with the law. *See* Mich. R. Prof. Cond. 1.16. However, the Court wishes to avoid Plaintiff's *pro se* appearance for a variety of important reasons: allowing withdrawal without substitute counsel presents the possibility of an unrepresented party at trial proceedings; and, an unrepresented party at trial proceedings would likely lengthen trial proceedings, increase the likelihood of mistrial, and pose the real danger that the jury would decide the case not based upon the proofs, but based upon the absence of representation. These are not only possible outcomes, but, in the Court's experience, likely consequences of permitting immediate withdrawal without obtaining substitute counsel. In saying so, the Court does not wish to discourage

Plaintiff from obtaining substitute counsel, which would be wholly accommodated, but does wish to discourage the specter of a *pro se* trial, which would be, in the Court's judgment, both unfair and a gross waste of public resources. *Cf. United States v. McDowell*, 814 F.2d 245, 250-51 (6th Cir. 1987) (discussing comparable considerations regarding withdrawal in criminal cases); *Reynolds v. Polen*, 564 N.W.2d 467, 469-70 (Mich. Ct. App. 1997) (discussing continuing right of withdrawing attorney to a *quantum meriut* claim for services as to future recoveries).

Plaintiff is further advised that attorney Piper is, in the Court's experience, an experienced member of the bar who is very competent to handle and try excessive force cases. Plaintiff is further advised that *pro se* litigants, in the Court's experience, typically perform not just badly, but unredeemably in *pro se* trials. This is because they do not know the rules of evidence; they do not understand the massive amount of precedent which is applicable to constitutional and section 1983 litigation; they do not understand the subtleties of jury selection, jury instruction and jury deliberation; nor do they understand how to prosecute or defend an appeal, if such becomes necessary. Quite simply, withdrawal of counsel by Plaintiff without substitute counsel is, most likely, decidedly against Plaintiff's interests in the litigation.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Withdraw (Dkt. No. 43) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that attorney Piper shall within the next 14 days read this Order **VERBATIM** to Plaintiff Michael Reynolds and explain it to him at length, and shall file a written affidavit so certifying with 15 days of this Order.

DATED in Kalamazoo, MI:  
    November 17, 2006

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE